UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 2:09-CR-105 |
| | ) |
| DANIEL BALLINGER | ) |

MEMORANDUM OPINON AND ORDER

This matter is before the Court on the defendant's *pro se*[1] motion to reduce sentence, [Doc. 73]. Defendant filed a supplement to his motion on January 16, 2018, requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 789, 782, and 788 to the United States Sentencing Guidelines Manual ("USSG"). [Doc. 77]. Along with his supplemental filing, defendant filed a motion to appoint counsel, [Doc. 78], and a motion to proceed *in forma pauperis*, [Doc. 79] and supplement to the motion to proceed *in forma pauperis*, [Doc. 80]. The matter is ripe for review. For the reasons that follow, defendant's motions to reduce sentence, [Docs. 73 and 77], are **DENIED**. Further, defendant's motions to appoint counsel, [Doc. 78] and proceed *in forma pauperis*, [Doc. 79], are **DENIED** as **MOOT**.

I.      **Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v.*

---

[1] Federal Defender Services (FDS) was appointed by Standing Order 14-07, [*See* Doc. 75], to represent this defendant. FDS has not filed any supplemental motion or other pleading on defendant's behalf. FDS has also not moved to withdraw. Although FDS's failure to file a supplemental or withdraw is a concern to the Court, the Court will nevertheless address defendant's motion because he is categorically ineligible for relief.

*United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other

guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

On the other hand, even if Amendment 782 were to lower a defendant's offense level under Chapter Two of the Sentencing Guidelines, a court proceeds sequentially through the Guidelines Manual. *Id*. § 1B1.1. In Chapter Five, the guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See* U.S.S.G. § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *see also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013).

## II. Factual Background

The defendant pleaded guilty to distributing 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The defendant was held accountable for at least 150 grams but less than 500 grams of cocaine base, resulting in a base offense level of 32. Because the defendant possessed a dangerous weapon, the adjusted offense level was 34. However, the defendant was classified as a Career Offender based upon his prior convictions, which resulted in a base offense level of 37, "rather than the lower level calculated above." After a three-level

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

adjustment for acceptance of responsibility, and with a Criminal History Category of VI, the defendant's guidelines range was 262 to 327 months. At sentencing, the defendant was committed to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months. [Doc. 40].

### III. Analysis

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Because the defendant was determined to be a Career Offender under USSG § 4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to Subsection (b) of that guideline, and not the quantity of drugs for which he was held responsible. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in Section 2D1.1. *See, e.g., United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (Court held that previous amendments to drug quantity table did not apply to lower sentence of Career Offender). Therefore, defendant is ineligible for a reduction because of his status as a career offender.

### III. Conclusion

For the reasons stated herein, defendant's motions to reduce sentence, [Docs. 73 and 77], are **DENIED**. Further, defendant's motions to appoint counsel, [Doc. 78] and proceed *in forma pauperis*, [Doc. 79], are **DENIED** as **MOOT**.

So ordered

ENTER:

                                                s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE