UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-105 |
| | ) | |
| DANIEL CURTIS BALLINGER | ) | |

MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court to address the defendant's *pro se* May 6, 2019 motion for a sentence reduction and defendant's June 28, 2019 supplemental motion for the imposition of a reduced sentence pursuant to the First Step Act. [Docs. 82, 84, 89]. The government has responded, [Doc. 91], and the matter is now ripe for review.

I.   **Background**

In January 2010, the defendant pled guilty to Count Four of the indictment for violating 21 U.S.C. §§ 841(a)(1), and (b)(1)(A), possession with the intent to distribute fifty grams or more of cocaine base. [*See* Docs 20, 40]. At the August, 2011 sentencing, the Court found that the offenses involved 454.55 grams of cocaine base, which corresponded to a base offense level of 32. [Presentence Investigation Report (PSR) ¶¶ 18-27]. Because the defendant had prior convictions, he faced a mandatory enhanced statutory penalty, which corresponded to a base offense level of 37, rather than the lower level calculated above. After a three-level adjustment for acceptance of responsibility, the Court calculated a Guidelines range of 262 to 327 months under the career-offender guideline. *See* USSG 4B1.1(b). The government, based on defendant's substantial assistance, filed a motion for downward departure recommending a five-level reduction in his offense level from 34 to 29, which reduced his guideline range to 151 to 188 months' imprisonment. [Doc. 30]. The Court then granted the motion and imposed a sentence of 151 months' imprisonment and a

1

five-year term of supervised release. [Doc. 40 at 2-3]. Defendant unsuccessfully sought postconviction relief. [Docs. 67, 68, 81]. The government and defendant inform the Court that defendant's current release date is January 10, 2021, according to the Federal Bureau of Prison's website. [Docs. 89 at 3, 91 at 2].

## II. Analysis

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act expressly permits sentence modification for some defendants.

On December 21, 2018, the President signed the First Step Act of 2018, Pub. L. 115-391, into law. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." *See Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 eliminated the mandatory minimum for simple possession of cocaine base

under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the defendant could not obtain relief under the Fair Sentencing Act.

Defendant argues that he is eligible for a sentence reduction under § 404. [Docs. 84, 89]. More particularly, defendant argues his drug offenses are "covered offenses" under Section 404(a), because the statutory penalty in Count Four was modified by section 2 of the Fair Sentencing Act, and his violation was committed before August 3, 2010. [*Id.* at 4-6]. As such, he argues the Court should impose a reduced proportional sentence of 109 months' imprisonment, at the bottom of his new current guideline range, which he would then render him eligible for a time served sentence. [*Id.* at 6].

The government argues that even though defendant committed his offense before August 3, 2010, and even though his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, he does not qualify for a sentence reduction. [Doc. 91 at 2-3]. The government further argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that the drug quantity listed in defendant's PSR makes him ineligible.

Defendant argues "the quantity of crack charged and to which he pled guilty is the relevant quantity for determining whether defendant is eligible" for a § 404 reduction. [Doc. 89 at 6]. Specifically, defendant argues that drug weight is an element of the offense, and the statutory weight controls eligibility and not the drug weight in the factual basis of the plea agreement or the PSR. [*Id.* at 6-14]. Defendant maintains the 50 grams of cocaine base alleged in the plea agreement and indictment and not the 454.55 grams of cocaine base listed in the PSR dictate his eligibility under 404.

The government asserts that whether a defendant is entitled to relief under the First Step Act

depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. [Doc. 91 at 5-16]. Because defendant was found responsible for 454.55 grams of cocaine base, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act. [*Id.* at 6].

The government's interpretation of § 404(a) is contrary to the weight of persuasive authority, both within and outside the Sixth Circuit. *See United States v. Rose*, ___ F. Supp. 3d ____, No. 03-CR-1501 (VEC), 2019 WL 2314479, at *11-13 (S.D.N.Y. May 24, 2019) (collecting cases); *United States v. Stanback*, ____ F. Supp. 3d ____, 2019 WL 1976445, at *3 (W.D. Va. May 2, 2019) (concluding defendant was eligible for relief despite a judicial finding that he was responsible for 1.5 kilograms of crack cocaine); *United States v. Pride*, Nos. 1:07CR00020-001, 1:07CR00020-002, 2019 WL 2435685, at *13-14, (W.D. Va. June 11, 2019) (relying on the drug weight charged in the indictment and not the drug weight attributed in the PSR in considering defendant's First Step Act motion); *United States v. Martinez*, No. 04-cr-48-20 (JSR), 2019 WL 2433660, at *7 (S.D.N.Y. June 10, 2019) (collecting cases); *United States v. Bradshaw*, No. 2:05-cr-17-01, 2019 WL 2290595, at *4 (W.D. Mich. May 15, 2019) (holding the statute of conviction, and not the conduct outlined in the PSR controlled); *United States v. Robinson*, No. 97-30025, 2019 U.S. Dist. LEXIS 82432, at *4-6 (C.D. Ill. May 15, 2019) (finding defendant eligible for relief despite being held accountable for 500 grams of crack cocaine at sentencing); *United States v. Allen*, No. 3:96-cr-00149-RNC-3, 2019 WL 1877072, at *2-3 (D. Conn. Apr. 26, 2019); *United States v. Davis*, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act"). *See also United States v. Stone*, No. 1:96 CR 403, 2019 U.S. Dist. LEXIS 99457, at *6-7 (N.D. Ohio June 13, 2019); *United States v. Laguerre*, No. 5:02-CR-20098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019).

A few cases have "cut against the grain" but these decisions remain outliers. *Martinez*, 2019 WL 2433660, at *7. *See, e.g., United States v. Boulding*, ____, F. Supp. 3d ___, No. 1:08-cr-65-01, 2019 WL 2135494 (W.D. Mich. May 16, 2019); *United States v. Blocker*, ____ F. Supp. 3d ___, No. 4:07cr36-RH, 2019 WL 2051957, at *3-4 (N.D. Fla. Apr. 25, 2019); *United States v. Banuelos*, No. 02-cr-084 WJ, 2019 WL 2191788, at *6-8 (D.N.M. May 21, 2019); *United States v. Potts*, No.2:98-cr-14010-ROSENBERG, 2019 WL 1059837, at *(S.D. Fla. Mar. 6, 2019).

"The government's interpretation of section 404 would preclude a court from granting relief when, as in this case, the record contains a judicial finding of a drug quantity of 280 grams or more of crack cocaine based on a preponderance of the evidence." *Allen*, 2019 WL 1877072, at *8-9. Moreover, "[t]oday with limited exception, any fact that enhances a statutory penalty must be proven beyond a reasonable doubt." *Id.* at *9 (citation omitted). *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) (concluding that any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury and found beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Although *Apprendi* and *Alleyene* are not retroactively applicable on collateral review, district courts have found that their holdings are applicable in the context of the First Step Act. *United States v. Ancrum*, No. 5:02-CR-30020, 2019 U.S. Dist. LEXIS 81455, at *7 (W.D. Va. May 14, 2019). *See Stone*, 2019 U.S. Dist. LEXIS 99457, at *8-9 (applying the holding from *Apprendi* in considering the appropriateness of a sentencing reduction under the First Step Act); *United States v. Shaw*, No. 02-cr-162-bbc, 2019 WL 2477089, at *8-10 (W.D. Wis. June 13, 2019) (noting that Congress is presumed to legislate in light of constitutional requirements, and it presumptively enacted the First Step Act in light of the holding in *Alleyne*); *United States v. Simons*, No. 07-CR-00874, 2019 WL 1760840, at *16 (E.D.N.Y. Apr. 22, 2019) (citing *Alleyne* and finding

that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United *States v. Dodd*, No. 3:03-CR-18-3, 2019 WL 1529516, at *5 (S.D. Iowa Apr. 9, 2019) (finding that "[b]oth *Apprendi* and *Alleyne* are binding on this Court for sentencings held today" in a First Step Act case).

Applying *Apprendi* and *Alleyne* in this case, defendant is eligible for relief as to Count Four under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subject to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Because the defendant is eligible for relief, this Court has the discretion under 404(b) to "to impose a reduced sentence" in accordance with the statutory penalties.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant committed the offense, the Act reduced defendant's total offense level from 37 to 34, and to an offense level of 31 after a three-level reduction for acceptance of responsibility. *See* U.S.S.G. 4B1.1(b). Based thereon, his guideline range for Count Four is reduced from 262 to 327 months to 188 to 235 months' imprisonment. *See* U.S.S.G. § 5A (sentencing table for an offense level 31 and criminal history category of VI). Defendant received a downward variance due to his substantial assistance and this Court sentenced the defendant to 151 months. Defendant received a 42.4% reduction of his original sentence, and a proportionate reduction under the First Step Act would yield a sentence of 109 months. To this date, the Court has been advised that defendant has served approximately 115 months of imprisonment.

The defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the defendant

pursuant to Section 404 of the First Step Act of 2018.

For all these reasons, the Court concludes that the defendant is eligible for relief in the form of a reduced sentence on Count Four pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (permitting the court to modify a sentence "to the extent otherwise expressly permitted by statute").

One final matter is the defendant's request to reduce his term of supervised release. Originally the statute required a minimum term of supervised release of at least five years for his conviction on Count Four. Now, the application of the Fair Sentencing Act requires a term of supervised release of at least four years, given the defendant's prior felony drug convictions. The Court sees no reason in the present case why application of the Fair Sentencing Act would justify a reduction in the defendant's term of imprisonment but not a reduction in his term of supervised release. Accordingly, the Court finds that the defendant's request to reduce his term of supervised release in accordance with the now applicable Fair Sentencing Act's statutory language is appropriate as well.

### III. Conclusion

Therefore, it is hereby **ORDERED** that the motions to reduce sentence pursuant to Section 404 of the First Step Act, [Docs. 82, 84, 89], are **GRANTED**. Based on the record, the Court, in its discretion reduces the defendant's sentence on Count Four to a period of term served. The defendant's term of supervised release shall be reduced to a period of four years. All other terms and conditions of the defendant's judgment, [Doc. 40], shall remain in full force and effect.

The Clerk of the Court is further **DIRECTED** to provide copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE